UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHANAY YANCEY,

    Plaintiff,

v.

GREGORY TILLMAN,

    Defendant.

CIVIL ACTION NO.
1:20-cv-03269-JPB

## ORDER

Before the Court is Plaintiff Khanay Yancey's ("Yancey") Motion for Leave to File an Amended Complaint ("Motion"). ECF No. 37. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.    BACKGROUND

In June 2020, Yancey filed a Complaint in the State Court of Clayton County asserting various claims against Defendant Gregory Tillman ("Tillman"), a Clayton County police officer, in connection with Tillman's arrest of Yancey. The matter was thereafter removed to this Court.

The Court entered a Scheduling Order on January 4, 2021, which assigned the case to a four-month discovery track. On February 15, 2021, Yancey substituted her counsel.

After receipt of "voluminous" discovery, Yancey seeks leave to amend her Complaint to "correct[] factual inaccuracies previously pled by prior counsel, provide[] further factual details supporting [her] claims, clearly identif[y] [her] claims, add[] a *Monell* claim against Clayton County, and generally clarif[y] the scope of the claims and issues presented in th[e] litigation." Although Yancey's Motion indicates that Tillman does not consent to the amendment, Tillman did not file an opposition to the Motion.

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." While "[t]he court should freely give leave when justice so requires" (*id.*), Rule 15(a) "gives a district court 'extensive discretion' to decide whether or not to allow a party to amend a complaint," and the court does not abuse its "liberal discretion" by denying leave to amend when the amendment would prejudice the defendant, cause undue delays or is futile (*Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (internal citations omitted)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that denial of leave to amend is only appropriate where (1) there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2)

allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile).

Here, since Tillman did not respond to Yancey's Motion, he has waived any opposition to it.  *See Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"); *In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it).

Moreover, the Court has found no evidence of undue delay, bad faith or dilatory motive.  There is also no indication that the amendment would cause undue prejudice to Tillman or that it is futile.

Accordingly, the Court **GRANTS** Yancey's Motion (ECF. No. 37).  The Clerk is **DIRECTED** to file Yancey's Amended Complaint (ECF No. 37-1).

**SO ORDERED** this 4th day of May, 2021.

J. P. BOULEE
United States District Judge