# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHANAY YANCEY,<br><br>    Plaintiff,<br><br>v.<br><br><br>GREGORY TILLMAN, in his individual capacity as an officer for the CLAYTON COUNTY POLICE DEPARTMENT, and CLAYTON COUNTY, GA,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-03269 |

**BRIEF IN SUPPORT OF DEFENDANT GREGORY TILLMAN'S MOTION FOR STAY OF DISCOVERY**

COMES NOW, **GREGORY TILLMAN**, in his individual capacity as an officer for the Clayton County Police Department, and pursuant to N.D. Ga. LR 7.1(A)(1) submits this his Brief in Support of his Motion for Stay of Discovery, in support of which he relies upon all pleadings of record, respectfully showing the following:

Defendant Tillman has moved to dismiss Plaintiff's Complaint as barred by qualified immunity as to Yancey's federal claims and official immunity as to the State law claims. A ruling in Tillman's favor would resolve the entire case against

him, thus making discovery unnecessary. In order to avoid the potentially unnecessary cost and burden of litigation, Tillman asks that discovery, including all disclosures and planning conferences pursuant to Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Tillman's Pre-Answer Motion to Dismiss.

Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." Caraballo-Sandoval v. R.E. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity). The Supreme Court has set forth that the purpose of qualified immunity, and any other applicable immunity defense, is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself, including discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). "[O]ne of the purposes of the Harlow qualified immunity standard it to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" Anderson v. Creighton, 483 U.S. 635, 646 (1987) (quoting Harlow, 457 U.S. at 817).

The Supreme Court reiterated its adherence to this principle in Ashcroft v. Iqbal, stating that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disrupted

discovery.'" 556 U.S. 662, 685 (2009) (quoting <u>Siegert v. Gilly</u>, 500 U.S. 226, 236 (1991)). Forcing Defendants into the rigors of discovery before this Court can rule on the issue of immunity is wasteful and prejudicial.

Moreover,

> [i]t is no answer to these concerns to say that discovery for [Defendants] can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [Defendants] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

<u>Iqbal</u>, 556 U.S. at 686 (addressing qualified immunity).

Thus, if discovery is not stayed as to the entire case, these Defendants will be compelled to participate in what they contend is pointless discovery that eliminates the benefit of immunity.[1]

---

[1] Tillman's entitlement to official immunity under state law has similar intended purposes, which also warrants a stay of the proceedings. See, e.g., <u>McCobb v. Clayton County</u>, 309 Ga. App. 217, 217-28 (2011) ("Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue."); <u>Cosby v. Lewis</u>, 308 Ga. App. 668, 672, (2011) ("[O]fficial immunity is not a mere defense but rather ***an entitlement not to be sued*** that must be addressed as a threshold matter before a lawsuit may proceed.") (emphasis original).

3

Fed. R. Civ. P. 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). See also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers in Fed. R. Civ. P. 26, and issue a stay relieving Defendants from having to exert any additional resources pending a ruling on their Motions to Dismiss. See Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

In sum, Tillman has moved to dismiss all claims against him, and an order staying the proceedings will protect him from the burden of responding to potentially unnecessary discovery should the motion be granted. Even if the Court grants part of Tillman's Motion to Dismiss, it will narrow the focus of the case and establish the proper scope of discovery for Plaintiff's remaining claims, if any. Litigation efficiency does not infringe on any party's rights.

## **CONCLUSION**

For the foregoing reasons, Tillman respectfully requests that the Court stay the proceedings in this matter, including all disclosures and planning conferences, until Tillman's Pre-Answer Motion to Dismiss is adjudicated.

Respectfully submitted this 17th day of May, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
R. DAVID WARE
Georgia Bar No. 737756
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendant Officer Gregory Tillman*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  dware@hallboothsmith.com
Email:  joneal@hallboothsmith.com

## **LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHANAY YANCEY,<br><br>          Plaintiff,<br><br>v.<br><br><br>GREGORY TILLMAN, in his individual capacity as an officer for the CLAYTON COUNTY POLICE DEPARTMENT, and CLAYTON COUNTY, GA,<br><br>          Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-03269 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Brief in Support of Defendant Gregory Tillman's Motion for Stay of Discovery** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Tanya F. Miller, Esq.  
Dubose Miller, LLC  
75 14th Street, NE, Suite 2110  
Atlanta, GA 30309  
*miller@debosemiller.com*

Respectfully submitted this 17th day of May, 2021.

                            **HALL BOOTH SMITH, P.C.**

                            */s/ Jacob Stalvey O'Neal*  
                            R. DAVID WARE  
                            Georgia Bar No. 737756  
                            JACOB STALVEY O'NEAL  
                            Georgia Bar No. 877316

                            *Counsel for Defendant Officer Gregory Tillman*

191 Peachtree Street, N.E.  
Suite 2900  
Atlanta, GA  30303-1775  
Tel:  404-954-5000  
Fax:  404-954-5020  
Email:  dware@hallboothsmith.com  
Email:  joneal@hallboothsmith.com

71489198-1  
12454-0003