IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHANAY YANCEY,

Plaintiff,

v.

GREGORY TILLMAN, and CLAYTON COUNTY, GEORGIA

Defendants.

CIVIL ACTION FILE NO.:
1:20-CV-03269-JPB

**DEFENDANT CLAYTON COUNTY'S MOTION TO STAY ALL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW defendant Clayton County, Georgia (hereinafter "defendant"), and pursuant to Federal Rule of Civil Procedure 26(d) and L.R. 26.1, respectfully moves this Court for an order staying all discovery in this action, including disclosures and planning conferences pursuant to FED. R. CIV. P. 26 and L.R. 16.1 and 16.2, pending a final ruling on defendants' motions to dismiss plaintiff's amended complaint. As grounds for this motion, defendant shows the following:

## I. INTRODUCTION

Defendants have filed motions to dismiss based on the allegations contained in plaintiff's amended complaint. In its motion, defendant seeks an order dismissing plaintiff's Monell claim against it for failure to state a claim.

Defendant Gregory Tillman seeks dismissal of the amended complaint based on the doctrines of qualified and official immunity. As such, depending on the Court's ruling, plaintiff's claims against defendants may be dismissed, thereby rendering discovery unnecessary. In the interests of efficiency and justice, and to prevent undue burden and expense, defendant now requests that all discovery, including disclosures and planning conferences pursuant to FED. R. CIV. P. 26 and L.R. 26.1, be stayed pending the Court's consideration of and ruling on defendants' motions to dismiss.

## II. ARGUMENT AND CITATION TO AUTHORITY

This Court has broad discretion to control discovery. Indeed, Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). Pursuant to this authority, it is proper for a trial court to stay discovery while a dispositive motion is pending. Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (ruling that stay of discovery was proper pending district court's disposition of a motion for judgment on the pleadings that challenged the sufficiency of the complaint's allegations); Chudasma v. Mazda Motor Corp., 123

F.3d 1353, 1367 (11th Cir. 1997) (holding that stay of discovery was proper pending district court's resolution of motion based on failure to state a claim for relief).

In exercising its discretion, this Court should stay discovery in this matter, thereby relieving the parties from having to expend time and resources on discovery pending a ruling on defendants' motions to dismiss. Any discovery conducted before such a ruling would likely be overly broad and encompass claims which are subject to dismissal. As the Eleventh Circuit has noted, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). The purpose of discovery is not "to enable a plaintiff to make a case when [her] complaint has failed to state a claim." Butler v. Sukhoi Co., 579 F.3d 1307, 1315 (11th Cir. 2009) (citing Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)). Rather, "[d]iscovery should follow the filing of a well-pleaded complaint." Kaylor, 661 F.2d at 1184.

In its motion, defendant has demonstrated to the Court that under no circumstances can it be held liable to plaintiff on her asserted claims in the complaint. Because defendants' motions are limited to those well-plead

allegations in plaintiff's amended complaint, there is no need for discovery at the present time as no factual development is necessary for the Court to pass upon the sufficiency of plaintiff's claims against defendants. Mullins v. M.G.D. Graphics Systems Group, 867 F.Supp. 1578, 1579 (N.D. Ga. 1994) ("the Court must presume, for purposes of this motion, that all well-pleaded factual allegations of the Complaint are true and all contravening assertions in the movant's pleadings are false.").

For these reasons, an order staying all discovery, including disclosures and planning conferences pursuant to FED. R. CIV. P. 26 and L.R. 26.1, will protect all parties from expending time, effort, and resources on potentially irrelevant claims or issues.

## III. CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant this motion and stay all discovery in this matter pending the Court's consideration of and ruling on defendants' motions to dismiss.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E

Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Clayton County, Georgia

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 26th day of May, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*

A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **DEFENDANT CLAYTON COUNTY'S MOTION TO STAY ALL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Tanya Miller
Dubose Miller, LLC
75 14th Street Suite 2110
Atlanta, Georgia 30309
*Counsel for Plaintiff*

R. David Ware, Esq.
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA 30303-1775
*Counsel for Defendant Gregory Tillman*

This 26th day of May, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)